# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2019

Lyle W. Cayce
Clerk

No. 17-60637

———————

NORMA YANET FUENTES-PENA; ERIK ARISTEDES VIJIL-FUENTES; JUDITH DANIELA VIJIL-FUENTES,

     Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

     Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Before JOLLY, DENNIS, and HIGGINSON, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Petitioner Norma Yanet Fuentes-Pena and her two minor children seek review of a final order by the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings. She contends that the BIA abused its discretion by refusing to reopen her removal proceedings because she never received notice of her removal hearing. The government argues that Fuentes-Pena did not receive notice because she moved without informing the immigration court of her new address. Because Fuentes-Pena updated her address with Immigration and Customs Enforcement (ICE), we VACATE the order of the BIA and REMAND for further proceedings.

No. 17-60637

I.

Norma Yanet Fuentes-Pena is a native and citizen of El Salvador who entered the United States near Hidalgo, Texas, with her two children.  Upon her release from immigration detention, the Department of Homeland Security (DHS) personally served Fuentes-Pena with a Notice to Appear (NTA), charging her with removability as an alien present in the United States without being admitted or paroled.  The NTA advised Fuentes-Pena that she was to appear before an immigration judge (IJ) in Miami, Florida on a date and at a time to be later determined.  Fuentes-Pena's children were "riders" on her immigration case.  Accompanying the NTA was a notice from ICE, an agency within DHS, stating that the NTA would "be filed with the Office of the Immigration Judge with jurisdiction over the residential address [she] provided to ICE upon [her] release."

Upon release from DHS custody, Fuentes-Pena, as required by law, provided an address for further communication, which was in Duncanville, Texas.  Fuentes-Pena received an EOIR-33 form and acknowledged that she needed to use that form to inform the "Office of the Immigration Judge" and ICE of any change in her address within five days.  The NTA also stated: "If you do not submit EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing."  Several months later, in March 2016, Fuentes-Pena moved to Massachusetts and informed only ICE of her change of address.  On June 1, 2016, the NTA, furnished by ICE, was stamped as received by the immigration court in Dallas, Texas.  On June 7, 2016, a hearing notice from the immigration court was mailed to the Duncanville, Texas address that she had provided when she was released, advising Fuentes-Pena that a hearing was scheduled for June 20, 2016, in Dallas, Texas.  Fuentes-Pena, however, failed to appear for the scheduled

2

hearing. Consequently, the IJ found her removable as charged in the NTA and, in absentia, ordered her removed to El Salvador. The IJ's in absentia removal order was also mailed to Fuentes-Pena at the Duncanville, Texas address.

On November 15, 2016, Fuentes-Pena filed a motion to reopen and rescind the in absentia order of removal. In her motion, Fuentes-Pena argued that, although she had failed to apprise the immigration court of the change in her address, she had met her obligation to provide a current address by giving her new address to the ICE office in Massachusetts. Alternatively, Fuentes-Pena argued that exceptional circumstances warranted the reopening of her removal proceedings because she "did everything she could to remain apprised of her court hearing and her failure to appear was beyond her control." Finally, Fuentes-Pena requested that the IJ reopen her case sua sponte if it found that reopening was not warranted on any other grounds.

The IJ issued a written decision denying Fuentes-Pena's motion to reopen. The IJ found that it was not required to provide written notice of the hearing. While Fuentes-Pena had apprised ICE of her change in address, she did not meet her obligation to inform the immigration court, despite the fact that the NTA specified this obligation. Further, the IJ found that the NTA had provided Fuentes-Pena with "constructive" notice of the hearing. The IJ determined that Fuentes-Pena did not show exceptional circumstances, such as "battery, extreme cruelty, or serious illness," and it declined to reopen her case sua sponte because it did not present an "exceptional situation."

Fuentes-Pena appealed the IJ's decision. On appeal, Fuentes-Pena reiterated her earlier arguments. The BIA issued an order dismissing Fuentes-Pena's appeal. The BIA found that the hearing notice was properly mailed to Fuentes-Pena's address of record. Further, the BIA noted that the NTA informed Fuentes-Pena of her obligation to update her address and the

consequences of missing her hearing.  Finally, the BIA found that Fuentes-Pena did not establish exceptional circumstances based on the "totality of the circumstances" and that the IJ did not err by refusing to reopen her case sua sponte.  Fuentes-Pena filed a timely petition for review.  *See* 8 U.S.C. § 1252(b)(1).

## II.

When considering a petition for review, we have the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision.  *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  Here, the BIA referenced the IJ's decision and found that the IJ committed no error.  We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard.  *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  Motions to reopen immigration proceedings are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  *INS v. Doherty*, 502 U.S. 314, 323 (1992).  On petition for review of a BIA decision, we review factual findings for substantial evidence, meaning that we will accept the BIA's factual findings "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise."  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (internal citation and quotation marks omitted).  We review constitutional claims and questions of law de novo.  *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014).

## III.

In her petition for review, Fuentes-Pena argues that the BIA abused its discretion by affirming the IJ's order denying her motion to reopen.[1]  We agree.

---

[1] Because we find that the BIA abused its discretion by affirming the IJ's order, we do not reach Fuentes-Pena's second argument, that the immigration court violated her right to

No. 17-60637

An alien must be provided with written notice of the time and place at which a removal hearing will be held. 8 U.S.C. § 1229(a)(1)(G)(i). Service of the notice may be by mail. *Id*. § 1229(c); *see also* 8 C.F.R. § 1003.13 (allowing service by "regular mail"). Any alien who fails to appear at a deportation hearing after written notice or fails to provide an address shall be ordered removed in absentia if DHS establishes by clear, unequivocal, and convincing evidence that the alien is removable and that the alien was provided with the written notice required under 8 U.S.C. § 1229(a)(1)–(2). *See id*. § 1229a(b)(5)(A). "The written notice by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided under section 1229(a)(1)(F) of this title." *Id*. § 1229a(b)(5)(A). Section 1229(a)(1)(F), in turn, requires that an "alien must provide the Attorney General immediately with a written record of any change of the alien's address." *Id*. § 1229(a)(1)(F)(ii).

Written notice of the deportation hearing is not required if the alien fails to satisfy the requirement in 8 U.S.C. § 1229(a)(1)(F) to provide an address where "the alien may be contacted respecting [removal] proceedings." *See id*. § 1229(a)(2)(B). A deportation order may be rescinded through a motion to reopen if the alien demonstrates that they "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." *Id*. § 1229a(b)(5)(C)(ii). On a motion to reopen, it is the alien's burden to demonstrate that they did not receive notice in accordance with section 1229(a). *See id*. We have held that an alien's failure to receive actual notice of a removal hearing due to their neglect of their obligation to inform the immigration court of their current

---

due process by failing to properly notify her of the hearing when it sent notice of the hearing to the address she provided ICE upon her release.

address does not mean that the alien did not receive the statutorily required notice. *Gomez-Palacios v. Holder*, 560 F.3d 354, 360–61 (5th Cir. 2009).[2]

Nonetheless, we find that *Gomez-Palacios* is distinguishable. Unlike the alien in *Gomez-Palacios*, Fuentes-Pena notified ICE of her change of address before ICE filed the NTA with the immigration court. This means that the government cannot rely on 8 CFR § 1003.15(d), which requires aliens to notify the immigration court of any change of address only *after* the NTA has been filed by the government.

The government, however, instead attempts to support the BIA's decision by pointing directly to the statute. 8 U.S.C. § 1229(a)(1)(F) required Fuentes-Pena to "provide the Attorney General immediately with a written record of any change" to her address. We must determine whether Fuentes-Pena satisfied this obligation by notifying ICE of her new address.

Section 1229 was enacted before the creation of the Department of Homeland Security. Prior to that statutory change, removal proceedings were prosecuted by the Immigration and Naturalization Service (INS), which indeed was an agency within the Department of Justice (DOJ). But when the DHS was created, the INS was dissolved and most of its functions were moved out of the DOJ and into the DHS. 6 U.S.C. § 557 facilitated this transition by providing that:

> With respect to any function transferred by or under this chapter (including under a reorganization plan that becomes effective under section 542 of this title) and exercised on or after the effective date of this chapter, reference in any other Federal law to

---

[2] In *Pereira v. Sessions*, handed down after the initial briefing was concluded in this case, the Supreme Court addressed a "narrow question" regarding the effect of an NTA that does not specify the time or place of the removal hearing on the trigger for the "stop-time rule" for the purposes of a cancellation of removal. 138 S.Ct. 2105, 2110 (2018). We recently held that this decision does not affect our holding in *Gomez-Palacios*. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018).

No. 17-60637

any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary, other official, or component of the Department to which such function is so transferred.

The former INS was responsible for providing aliens with the statutorily required NTA and for filing the NTA, containing the alien's current address, with the immigration court. Both functions are now performed by ICE. In most cases, the immigration court then has the responsibility to send the precise hearing information to the alien's address on file. *See* 8 C.F.R. § 1003.18. Because ICE is now responsible for providing the alien's address to the immigration court when it files the NTA, we read 8 U.S.C. §1229, through the lens of 6 U.S.C. § 557, to require the alien to provide a change of address to ICE at least until the NTA has been filed with the immigration court.[3] As such, by notifying ICE of her change of address before it filed the NTA with the immigration court, Fuentes-Pena satisfied her statutory obligation to provide notice of her change of address, and her failure to attend her removal hearing is excused. The BIA abused its discretion by refusing to reopen removal proceedings against her.

## IV.

In sum, we hold that the BIA abused its discretion in refusing to reopen Fuentes-Pena's removal proceedings. Under these circumstances, Fuentes-Pena satisfied her obligation to provide her new address to the "Attorney General" by notifying ICE of her change of address. We VACATE the decision of the BIA and REMAND the case for further proceedings not inconsistent with this opinion.

---

[3] We express no opinion on an alien's statutory obligations after the NTA has been filed with the immigration court.