# Matter of Jorge Vicente NIVELO CARDENAS, Respondent

*Decided August 5, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Where an alien who has been personally served with a notice to appear advising him of the requirement to notify the Immigration Court of his correct address fails to do so and is ordered removed in absentia for failure to appear for the scheduled hearing, reopening of the proceedings to rescind his order of removal based on a lack of proper notice is not warranted under section 240(b)(5)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(C)(ii) (2018).

(2)  The respondent's failure to update his address for over 18 years indicates a lack of due diligence and may properly be found to undermine the veracity of his claim that he has taken actions to maintain his rights in the underlying removal proceedings.

FOR RESPONDENT:  Vanessa E. Zwaik, Esquire, Ronkonkoma, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  John G. Jenkins, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS and HUNSUCKER, Appellate Immigration Judges; GEMOETS, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

In a decision dated February 20, 2019, an Immigration Judge denied the respondent's motion to reopen and rescind the in absentia order of removal entered against him on January 28, 2000.  The respondent has appealed from that decision.  The appeal will be dismissed.

The respondent is a native and citizen of Ecuador who entered the United States in July 1999.  He was detained by the legacy Immigration and Naturalization Service ("INS"), which charged him with being removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (1994), as an alien who was present in the United States without being admitted or paroled.  He was personally served with a notice to appear on July 23, 1999, and has not challenged the propriety of its service on him.

The respondent's notice to appear included information advising him of the consequences of failing to appear for removal proceedings and the requirement that he must notify the Immigration Court of his correct address,

as required by sections 239(a)(1)(F) and (G)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(F) and (G)(ii) (Supp. V 1999).[1]  He also received a Notification Requirement for Change of Address form, informing him of the location where he should report any change of address and warning him of the consequences of failing to provide that information.  At the time of his release from detention on August 17, 1999, the respondent signed the form, acknowledging that he was required to report any change of address and verifying that the mailing address he had provided the INS on a Form I-830 (Notice to EOIR: Alien Address) was correct.  The address he gave was a specific street address in the town of "Patcbogue," New York.

On October 1, 1999, the Immigration Court sent a notice of hearing to the respondent at the address on the two forms, stating that his hearing was scheduled for January 28, 2000.  The notice was returned to the Immigration Court, stamped "ATTEMPTED, NOT KNOWN," with a handwritten notation stating, "Please return it to the sender."  The respondent failed to appear at the scheduled hearing, and he was ordered removed in absentia. *See Matter of G-Y-R-*, 23 I&N Dec. 181, 188 (BIA 2001) (en banc) ("Once the advisals in the Notice to Appear are conveyed, . . . [i]f the alien fails to appear for a scheduled hearing, the Immigration Judge may proceed with the hearing in the alien's absence and order the alien removed in absentia.").

On November 19, 2018, over 18 years after he was ordered removed, the respondent filed a motion to reopen with the Immigration Court, requesting rescission of the in absentia removal order.  The respondent argued that he did not receive notice of the January 28, 2000, hearing because the notice of hearing was not properly addressed.  Specifically, he claimed that he did not receive the notice of hearing because the town to which it was addressed was incorrectly spelled as "Patcbogue," rather than "Patchogue."  The respondent

---

[1]  Sections 239(a)(1)(F) and (G)(ii) of the Act provide that the notice to appear must specify the following:

> (F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240.
>    (ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.
>    (iii) The consequences under section 240(b)(5) of failure to provide address and telephone information pursuant to this subparagraph.
> (G)(i) . . .
>    (ii) The consequences under section 240(b)(5) of the failure, except under exceptional circumstances, to appear at such proceedings.

further argued that he had provided a correct address, as demonstrated by a subsequently issued "bag and baggage letter." The Immigration Judge denied his motion. On appeal, the respondent reiterates the arguments he raised in his motion to reopen.

An in absentia removal order *may* be rescinded if the alien files a motion to reopen with the Immigration Judge (1) within 180 days of the order, demonstrating that his failure to appear was because of exceptional circumstances, or (2) at any time, demonstrating that he did not receive notice *or* that he was in Federal or State custody and failed to appear through no fault of his own. Section 240(b)(5)(C) of the Act, 8 U.S.C. § 1229a(b)(5)(C) (2018);[2] 8 C.F.R. § 1003.23(b)(4)(ii) (2020). Because the respondent's motion to reopen was untimely and he was not in custody, he must show that he "did not receive notice" of the hearing. Section 240(b)(5)(C)(ii) of the Act; *see also Matter of J-G-*, 26 I&N Dec. 161, 165 (BIA 2013); *Matter of M-R-A-*, 24 I&N Dec. 665, 671 (BIA 2008).

We agree with the Immigration Judge that the respondent failed to demonstrate that he did not receive proper notice of his January 28, 2000, removal hearing. Because the respondent was personally served with a notice to appear that informed him of the statutory address reporting obligations associated with removal proceedings, he was required to provide his correct address in the first instance. *See* section 239(a)(1)(F) of the Act.

The record includes a Form I-830 dated August 17, 1999, showing that the respondent reported to an immigration officer that his mailing address would be in "*Patcbogue*," New York. He also signed a form confirming that this was his correct address. The notice of hearing was mailed to the exact address provided by the respondent, but it was returned to the Immigration Court with both a stamp indicating that delivery was attempted and a handwritten notation requesting that the letter be returned to the sender. Thus, it appears that the United States Postal Service attempted delivery at the address provided by the respondent and the notice was returned, not because it was undeliverable, but because someone who received mail at that address requested that it be returned to the sender.

---

2  Section 240(b)(5)(C) of the Act states in pertinent part:

> [An in absentia] order may be rescinded only—
>    (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . , or
>    (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 239(a) or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

According to section 239(c) of the Act, service by mail is "sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with [section 239(a)(1)(F)]" of the Act. *See also* section 240(b)(5)(A) of the Act (stating that written notice sent to the "most recent address provided under section 239(a)(1)(F)" is sufficient to support an in absentia removal order).

Even assuming that the respondent inadvertently provided the incorrect spelling of the city name, he was on notice that he had a duty to correct his address information and to properly notify the Immigration Court where he could receive notice. *See Fuentes-Pena v. Barr*, 917 F.3d 827, 830 (5th Cir. 2019) (indicating that "an alien's failure to receive actual notice of a removal hearing due to [his] neglect of [his] obligation to inform the immigration court of [his] current address does not mean that the alien did not receive the statutorily required notice"); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) (explaining that where "an alien fails to provide a viable mailing address to [the Department of Homeland Security ("DHS")], the government need not provide notice of the alien's hearing"); *United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995) (concluding that notice that was mailed to the last address that the alien provided afforded him a reasonable opportunity to appear at his deportation hearing). Inherent in the concept of notice is the implicit obligation that the intended recipient must provide the information necessary for the notice to be received. *See* sections 239(a)(2)(B), 240(b)(5)(B) of the Act (making an exception to the written notice requirement where the alien failed to provide the address required under section 239(a)(1)(F)).

"[A]n alien's statutory obligation to keep the immigration court apprised of his current mailing address includes an obligation to correct any errors in that address listed on the [notice to appear]," and if the alien does not "receive notice of a removal hearing as a result of such an error," there is no basis to rescind an in absentia removal order. *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th Cir. 2018). The respondent's failure to correct his address before the notice of hearing was mailed demonstrates his lack of compliance with this obligation. Since the respondent was clearly advised that he was required to provide a correct address to the Immigration Court and failed to do so, we conclude that he received constructive notice of his scheduled hearing, even if he did not receive actual notice of it. *See Matter of G-Y-R-*, 23 I&N Dec. at 189 (stating that even "where actual notice is not accomplished, the statute will permit constructive notice when the alien is aware of the particular address obligations of removal proceedings and then fails to provide an address for receiving notices of hearing").

We are unpersuaded by the respondent's argument that the Immigration Judge did not adequately consider his claim that he provided the correct

address, as indicated on a "bag and baggage letter."[3]  There is no indication that the respondent provided the address on this document to the INS; nor is there any indication that he concurrently reported it to the Immigration Court, as required by the statute.  This document also fails to establish that the respondent independently provided a corrected mailing address to the Immigration Court upon learning that the city name was incorrectly spelled.  *See Fuentes-Pena*, 917 F.3d at 830.

In sum, the respondent was personally served with a notice to appear.  He also signed a written notice containing the address that he provided to the INS and advising him that he was required to notify the Immigration Court of any change in his mailing address.  He never corrected the error in his address or updated his contact information with the Immigration Court.  A notice of the hearing was sent to the respondent at the address he provided.  Because he had been advised of his obligation to provide a correct address, that notice constituted constructive notice of his scheduled hearing, which satisfied the requirements of the statute and constitutional due process.  *See Estrada-Trochez*, 66 F.3d at 736; *Matter of G-Y-R-*, 23 I&N Dec. at 186–87 ("The sufficiency of constructive notice depends on whether the notice comports with the requirements of the applicable statute and the expectations of due process.").  Under the circumstances presented in this case, we reject the respondent's contention that his in absentia order should be rescinded because he did not receive notice of the hearing.

The respondent also asserts that his proceedings should be reopened because he took sufficient action to preserve his rights.  In a statement submitted in support of his motion to reopen, he claims that he checked his mailbox every day for the hearing notice but did not receive anything.  However, the respondent's failure to update his address for over 18 years indicates a lack of due diligence and may properly be found to undermine the veracity of his claim that he has taken actions to maintain his rights in the underlying removal proceedings.  *See Mauricio-Benitez*, 908 F.3d at 150 (stating that it is proper for the Board to consider due diligence and the credibility of statements an alien makes in determining if he or she received proper notice); *see also Dieng v. Barr*, 947 F.3d 956, 961, 163 (6th Cir. 2020) (stating that the Board has the discretion "to weigh the credibility of the proffered evidence on a motion to reopen," which will be upheld "[s]o long

---

[3]  The "bag and baggage letter" to which the respondent refers is, in fact, clearly labeled as a "bag and baggage checklist."  This document is not from the Immigration Court and was not part of the record of proceedings.  It appears to be an INS document, and it bears no indication that the respondent provided the information it contains.  A "bag and baggage letter," which is prepared by the INS, directs an individual to report to an immigration officer, ready for deportation.  *See Nen Di Wu v. Holder*, 646 F.3d 133, 134 (2d Cir. 2011).

as the [Board] adequately indicates its finding that new evidence was inherently unbelievable").

In *Matter of M-R-A-*, 24 I&N Dec. at 676, we explained that a significant factor supporting reopening where the respondent claimed he received no notice of the hearing was his "due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings" within a month of the entry of the in absentia removal order. Here, by contrast, the respondent waited over 18 years after he was served with a notice to appear and ordered removed in absentia before filing a motion to reopen. He has not explained what, if any, actions he took throughout the years to follow up on his case with the Immigration Court. He has also not shown that he updated his address or otherwise should not be held responsible for his failure to appear at his hearing. We are therefore unpersuaded by his claim that he diligently sought to preserve his rights.

In conclusion, where an alien who has been personally served with a notice to appear advising him of the requirement to notify the Immigration Court of his correct address fails to do so and is ordered removed in absentia for failure to appear for the scheduled hearing, reopening of the proceedings to rescind his order of removal based on a lack of proper notice is not warranted under section 240(b)(5)(C)(ii) of the Act. The respondent has not shown that he provided proof that he timely apprised the Immigration Court of his correct address, as required by section 239(a)(1)(F)(ii) of the Act, or otherwise established that he did not receive notice of the hearing, either actual or constructive. Furthermore, his lack of due diligence militates against a grant of reopening. We therefore conclude that the Immigration Judge properly denied the respondent's motion to reopen to rescind his in absentia order of removal. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* Section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).