# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 20, 2020

Lyle W. Cayce
Clerk

No. 19-60384

S AMSON  M ICHAEL, *also known as* S AMSOM  W ELDEMICHAEL
G EBREHIWET,

*Petitioner*,

*versus*

W ILLIAM  P. B ARR, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 132 473

Before G RAVES, C OSTA, and E NGELHARDT, *Circuit Judges*.

P ER  C URIAM:*

Samson Michael, a native and citizen of Eritrea, petitions for review
of the decision of the Board of Immigration Appeals (BIA) dismissing his
appeal from the Immigration Judge's (IJ) denial of his motions to reopen and
to remand.  We DENY Michael's petition for review.

---

* Pursuant to 5TH  C IRCUIT  R ULE  47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH  C IRCUIT  R ULE  47.5.4.

No. 19-60384

I.

Michael entered the United States without valid documentation in October 2017 and was charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Through counsel, Michael conceded the charge and applied for asylum, withholding of removal, and relief under the Convention Against Torture, alleging that he had deserted the Eritrean military after being persecuted by military officers for several months based on suspected disloyalty to the military. Following a hearing, the IJ issued a written decision on December 15, 2017, denying Michael's application and ordering his removal to Eritrea. Michael was temporarily released under an order of supervision but was re-detained in November 2018 after the Eritrean government issued travel documents for his removal. In December 2018, Michael hired new counsel and appealed the IJ's decision to the BIA, which dismissed the appeal as untimely.

On January 17, 2019, Michael filed a motion to reopen removal proceedings with the IJ based on ineffective assistance of counsel and changed country conditions, which was denied. Michael appealed the IJ's denial to the BIA and filed a motion to remand for consideration of new evidence. The BIA dismissed the appeal and denied the motion to remand. Michael timely petitioned this court for review of the BIA's decision, arguing that the BIA abused its discretion in (1) applying the equitable tolling standard to his motion to reopen; (2) finding his motion to reopen did not demonstrate changed country conditions; and (3) denying his motion to remand.

II.

This court reviews the BIA's denial of motions to reopen and remand under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *Ramchandani v. Gonzales*, 434 F.3d

No. 19-60384

337, 340 & n.6 (5th Cir. 2005). "Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358. This court reviews the BIA's factual findings for substantial evidence, and constitutional claims and questions of law *de novo*. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019). This court may not overturn factual findings "unless the evidence compels a contrary conclusion." *Gomez-Palacios*, 560 F.3d at 358.

## III.

An alien generally must file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). However, "[a]n immigration judge may, in her discretion, toll the deadline to file if the alien shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)).

Michael's motion to reopen claims that his prior counsel's ineffective assistance entitled him to equitable tolling between January 2018—when prior counsel advised that Michael had no legal recourse to challenge his removal order—and December 2018—when his current counsel advised that he could file a motion to reopen. The BIA found that equitable tolling was not warranted based on Michael's failure to demonstrate diligence during this 11-month period or that prior counsel's ineffective assistance was an extraordinary circumstance that prevented timely filing. Michael argues that the BIA mis-applied the equitable tolling standard. "Because there is no dispute as to the underlying facts, but rather only as to the application of a legal standard to those facts, the due diligence inquiry in this case is properly

3

construed as a question of law over which we have jurisdiction pursuant to [8 U.S.C.] § 1252(a)(2)(D)." *Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020) (citing *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020)). Further, this court has jurisdiction to review an equitable tolling claim supported by a claim for ineffective assistance of counsel, which is a constitutional claim presenting questions of law. *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018).

Michael argues that the BIA failed to consider that his lack of diligence resulted from his reliance on prior counsel's deficient legal advice. However, this explanation is undermined by Michael's declaration in support of his motion to reopen, which states that when prior counsel advised him in January 2018, he was dissatisfied with the quality of prior counsel's representation during his asylum proceedings and did not trust prior counsel to represent him on appeal. Further, this court recently held that the BIA did not abuse its discretion in finding lack of diligence where the petitioner consulted one attorney who told him his removal order could not be challenged, and then waited three years before consulting a different attorney who advised him of the option to file a motion to reopen. *Flores-Moreno*, 971 F.3d at 543-45. This court found that the BIA did not mis-apply the equitable tolling standard by requiring the petitioner "to provide meaningful evidence of at least some effort made during that prolonged period." *Id.* at 545. Similarly, the BIA in this case did not abuse its discretion in finding lack of diligence based on Michael's failure to provide any evidence of effort during the proposed tolling period. *Lugo-Resendez*, 831 F.3d at 344.

Michael also claims that prior counsel's ineffective assistance was an extraordinary circumstance, arguing that the BIA failed to consider that his reliance on what he understood to be competent legal advice prevented him from consulting a second attorney and timely filing a motion to reopen. To establish ineffective assistance of counsel, Michael must show "(1) that his

counsel was constitutionally deficient and (2) that he is prejudiced thereby, i.e., 'that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Diaz*, 894 F.3d at 228 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Even assuming prior counsel was constitutionally deficient, Michael cannot show prejudice, because evidence of his distrust and dissatisfaction with prior counsel's representation in January 2018 belies his claim that prior counsel's competent legal advice prevented him from pursuing his rights for the next 11 months. Accordingly, the BIA did not abuse its discretion in finding that Michael failed to show an extraordinary circumstance. *Lugo-Resendez*, 831 F.3d at 344.

Finally, Michael argues that the BIA failed to consider his limited knowledge of the English language and United States legal system. He relies on this court's decision in *Lugo-Resendez*, which directed the BIA to consider language and legal knowledge barriers when applying the equitable tolling standard to petitioners who file motions to reopen after their original bases for removal are subsequently invalidated by court decisions. *Id.* at 345. However, this court's directives in *Lugo-Resendez* are inapplicable to this case, because Michael's equitable tolling argument is not premised on changes in caselaw.

## IV.

The 90-day reopening deadline does not apply if the motion relies on changed country conditions in "the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "Showing changed country conditions requires making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien

filed her motion to reopen." *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018) (citing *Ramos–Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016)).

Michael argues that the BIA abused its discretion in finding that he did not present evidence of changed country conditions between his asylum hearing in December 2017 and his motion to reopen filed in January 2019. He contends that evidence of his mother's interrogation and arrest by Eritrean officials as punishment for his military desertion and flight from the country represents a material change indicating that he will face similar or worse treatment upon removal. However, this same evidence demonstrates that his mother was arrested sometime in January 2017, nearly a year before Michael's asylum hearing. Thus, the BIA did not abuse its discretion in finding that this evidence failed to show a material change in conditions between his asylum hearing and motion to reopen. *Nunez*, 882 F.3d at 508-09.

Michael further contends that the travel documents obtained for his removal in November 2018 demonstrate a material change because the Eritrean government now has an affirmative record of his identity, military desertion, and flight from the country. However, Michael's evidence indicates that Eritrean officials were aware of this information when his mother was interrogated and arrested in January 2017. Accordingly, the BIA did not abuse its discretion in finding that the travel documents did not represent a material change in conditions between his asylum hearing and motion to reopen. *Id.*

V.

A motion to remand is, in substance, a motion to reopen. *Wang v. Ashcroft*, 260 F.3d 448, 451 (5th Cir. 2001). A motion to reopen must be based on "newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez*, 831 F.3d at 339. The motion must be based on facts

that are "material" and "could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see Ogbemudia v. INS*, 988 F.2d 595, 599-600 (5th Cir. 1993).

Michael's new evidence in support of his motion to remand consisted of a letter from his brother in Eritrea dated March 3, 2018, recounting the details of their mother's interrogation and arrest in January 2017. The BIA determined that Michael did not persuasively demonstrate why the letter, or some other form of corroborating evidence, could not have been presented at his asylum hearing or with his motion to reopen. Although Michael argues his brother could not have written the letter until he was permitted to take a one-month leave from the military, he has not explained why he could not have obtained this evidence from another source, such as a different family member. Thus, the BIA did not abuse its discretion in finding that the brother's letter did not demonstrate a material change in conditions between Michael's asylum hearing and motion to reopen. *See Nunez*, 882 F.3d at 508-09.

Accordingly, the petition for review is DENIED.