# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2020

Lyle W. Cayce
Clerk

No. 19-60381
Summary Calendar

Osvaldo Do Nascimento Costa Santos,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 254 580

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Osvaldo Do Nascimento Costa Santos, a native and citizen of Angola, petitioned for review of an order of the Board of Immigration Appeals (BIA) denying his motion seeking reconsideration of the BIA's affirmance of an immigration judge's order denying his motion to reopen.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Santos contends that the BIA abused its discretion in denying his motion for reconsideration. Specifically, he argues that, pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), only a proper notice to appear, which specifies the time and place of the removal hearing, can satisfy the written notice requirements of 8 U.S.C. § 1229(a) and 8 U.S.C. § 1229a(b)(5)(A) and commence removal proceedings. Santos asserts that the defect in the notice to appear could not be cured by a subsequent notice of hearing because he did not receive the notices. Given that Santos's notice to appear did not contain the time and place of his removal hearing, he asserts that he did not receive a proper notice to appear and, thus, could not be ordered removed in absentia.

This court has concluded that *Pereira* is limited to the context of the stop-time rule in cancellation of removal proceedings. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Because the notice to appear issued to Santos detailed the nature of the proceedings, the legal basis for the proceedings, and the possibility of in absentia removal, it was not defective. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779). Any alleged defect, moreover, would have been cured by the inclusion of the omitted details in the later-issued notices of hearing that were mailed to the address provided by Santos. *See Pierre-Paul*, 930 F.3d at 690-91; *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009); *Mauricio-Benitez*, 908 F.3d at 148 & n.1. We reject the argument that Santos was relieved of his obligation to provide a change of address until the notice to appear was filed in the immigration court. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017); *see also Fuentes-Pena v. Barr*, 917 F.3d 827, 830-31 (5th Cir. 2019); 8 C.F.R. § 1003.15(d)(2).

Finally, Santos's jurisdictional challenge is foreclosed by *Pierre-Paul*, in which we held that the time and place requirements in a notice to appear are not jurisdictional. 930 F.3d at 688-89, 690-93. Santos fails to show that

No. 19-60381

the BIA committed legal error or abused its discretion in denying his motion for reconsideration based on *Pereira*.  *See Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016); *see also Gomez-Palacios*, 560 F.3d at 358.

The petition for review is DENIED.