# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2021

Lyle W. Cayce
Clerk

No. 19-60571
Summary Calendar

Tobechukwu Ifechukwu,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 264 602

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Tobechukwu Ifechukwu, a native and citizen of Nigeria, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an order from the immigration judge (IJ) denying Ifechukwu's application for relief in which he requested protection under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60571

Against Torture (CAT).  We generally review only the BIA's decision, but we consider the IJ's decision to the extent that it influenced the BIA's order. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  We review findings of fact for substantial evidence and consider questions of law de novo.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Ifechukwu argues that he improperly was ordered to file corroborative evidence to support his request for protection under CAT.  He maintains that he filed all evidence that he reasonably could acquire and that his testimony, which was found to be credible, was sufficient to carry his burden of proving his eligibility for relief.

Regardless of whether Ifechekwu gave credible testimony, there was no error in requiring him to file reasonably obtainable corroborating evidence to carry his burden.  *See Yang v Holder*, 664 F.3d 580, 584-87 (5th Cir. 2011); *see also* 8 U.S.C. § 1229a(c)(4)(B).  His contention that this requirement was wrongly applied to him because he could not be reasonably expected to offer additional evidence is unavailing.  Even if some evidence was unavailable to him due to his circumstances, nothing in the record compels the conclusion that no evidence could reasonably be obtained to corroborate the basis of his claims.  *See Yang*, 664 F.3d at 587.  Thus, the finding that Ifechukwu did not submit reasonably obtainable corroborative evidence and that his request for relief failed on that basis should be upheld.  *See id.* at 586-88.

Ifechukwu asserts that evidence that he filed along with his application for relief was omitted.  He argues that exclusion of the evidence—a Amnesty International report—precluded him from supporting his claims and violated due process.  We review his claim de novo.  *See Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

The Amnesty International report does not appear in the record.  Its substance therefore is unknown.  Thus, Ifechukwu has failed to show that any

omission or misfiling of the report affected the result of the proceeding.  *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  Even if the description of the report offered by Ifechukwu is accurate, there is no indication that the report addresses the specific bases on which his request for protection under CAT is based or supports that he is entitled to relief.  In effect, he has failed to demonstrate that any due process violation related to the unavailability or omission of the report caused him to suffer substantial prejudice.  *See Okpala*, 908 F.3d at 971.  Thus, his claim is unavailing.

The petition for review is DENIED.