# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 20-60324
Summary Calendar

Johandrys Diaz Pacheco,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 786 672

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Johandrys Diaz Pacheco, a native and citizen of Cuba, petitions for review of a decision of the Board of Immigration Appeals (BIA). The immigration judge (IJ) denied his applications for asylum, withholding of removal, and protection under the convention against torture (CAT) based

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

on an adverse credibility finding.  The BIA upheld the credibility finding and found that he had failed to meet the burden of proof for asylum and withholding of removal.  The BIA also found that Diaz Pacheco had waived any challenge to denial of relief under the CAT by failing to brief the issue.

On appeal, Diaz Pacheco argues that the adverse credibility finding was not supported by substantial evidence.  We generally review only decisions of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  However, when the IJ's ruling affects the BIA's decision, as it does here, we review the decisions of both the BIA and the IJ.  *Id.*  Factual findings are reviewed for substantial evidence, and constitutional claims and questions of law are reviewed de novo.  *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019); *Orellana–Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Although Diaz Pacheco suggests possible explanations for the negative credibility factors, the record does not compel the conclusion that he should have been found credible.  *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).  The inconsistencies listed by the IJ are accurate reflections of the record.  His explanations for the inconsistencies are not more compelling than the IJ's conclusions.  *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).

The petition for review is DENIED.