# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 20-60291
Summary Calendar

BERTRAND A. AWANAYAH, *also known as* BERTRAND ATENEKARA AWANAYAH,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 781 436

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Petitioner Bertrand A. Awanayah, a native and citizen of Cameroon, seeks review of a decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal of a decision in which an Immigration Judge ("IJ")

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Awanayah asserts in his application for relief that he suffered past persecution at the hands of the Anglophone Restoration Forces ("ARF") and the Cameroonian police. Awanayah also claims that he has a well-founded fear of future persecution at the hands of the Cameroonian police based on his imputed political opinion, Anglophone separatism.[1]

An alien must exhaust all administrative remedies available to him as of right before this court may review a final order. 8 U.S.C. § 1252(a)(1), (d)(1); *Omari v. Holder*, 562 F.3d 314, 318–20 (5th Cir. 2009). Awanayah failed to exhaust, before the BIA, his CAT claim and his claim for asylum based on past persecution or a well-founded fear of future persecution at the hands of the ARF.[2] We lack jurisdiction, therefore, to consider these claims and dismiss them accordingly. *See Omari*, 562 F.3d at 318–20.

Awanayah did exhaust his claim, however, that the BIA erred in affirming the IJ's ruling that Awanayah had failed to establish past persecution or a well-founded fear of future persecution at the hands of the Cameroonian police on the basis of an imputed political opinion. We review factual findings under the substantial evidence standard and legal questions de novo. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019). We may not reverse the BIA's factual findings under the substantial evidence standard unless "the evidence is so compelling that no reasonable fact finder could fail

---

[1] Awanayah disclaims any actual separatist beliefs.

[2] In fact, Awanayah conceded that "the IJ correctly found that the past harm inflicted on him . . . and his fear of future persecution" by the ARF "did not qualify him for asylum."

to find otherwise." *Id.* (quoting *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001)).

Substantial evidence supports the BIA's decision that Awanayah failed to show that he suffered past persecution or that he had a reasonable, well-founded fear of future persecution, based on an imputed political opinion. The conditions that the Cameroonian police inflicted on Awanayah were not extreme enough to support a finding of past persecution. Awanayah bases his claim of past persecution at the hands of the police on an October 2017 detention of two days, during which he was called an "Anglo fool." Awanayah testified, however, that the detention "was not the immediate cause that made" him leave Cameroon and that "everything was okay" following the detention, which was "nothing like . . . jail" and which ended when "they just asked us to go."

As for fear of future persecution, Awanayah theorizes that, if he returns to Cameroon, the police will treat him as a separatist. He bases this theory on (1) his past detention and (2) the fact that the police sought to question him following a shootout between them and the ARF at his place of employment, a hotel. Awanayah testified, however, that—following his release from detention—"life was moving on with nobody threaten[ing]" him or "com[ing] up after" him. As for the shootout where he worked, the record only establishes that the police sought to question him in the aftermath and *perhaps* suspected that he had provided information to the separatists beforehand.[3] That does not rise to the level of evidence "so compelling that

---

[3] Awanayah testified that his neighbor indicated the police sought to question him about the incident but told him nothing else. His neighbor swore in an affidavit, however, that Awanayah had "been accused by the pro-government forces to have been the one who invited the armed separatist group" to the hotel.

no reasonable fact finder could fail to find" that Awanayah has a well-founded fear of future persecution. *Fuentes-Pena*, 917 F.3d at 829.

Lastly, Awanayah cannot meet the standard for withholding of removal because he fails to satisfy the less stringent asylum standard. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.