# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2021

Lyle W. Cayce
Clerk

No. 20-60655

William Ernesto Lemus-Ayala,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. A206-800-385

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

William Ernesto Lemus-Ayala seeks review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen removal proceedings and rescind an in absentia removal order. We GRANT Lemus-Ayala's petition, VACATE the BIA's decision, and REMAND for further proceedings consistent with this opinion.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60655

Lemus-Ayala, a citizen of El Salvador, entered the United States on June 12, 2014, at age five. The Department of Homeland Security (DHS) personally served him with a Notice to Appear (NTA) on June 15, alleging he was removable under 8 U.S.C. § 1182(a)(6)(A)(i). The NTA directed him to appear for his removal proceedings but did not specify the time, place, or date of such proceedings. Lemus-Ayala was released into the custody of his mother, Rosemery Zetino, who provided DHS with an address in the United States at which she and her son could be contacted. On October 13, 2017, DHS sent Lemus-Ayala another NTA via regular mail to the address provided, which remained his address of record. That NTA specified the location of his removal hearing, but not the time or date. On November 2, 2017, DHS mailed another NTA to the same address, this time informing Lemus-Ayala that his hearing was set for 10:00 a.m. on January 29, 2018. Lemus-Ayala did not appear at the hearing and was ordered removed in absentia under 8 U.S.C. § 1229a(b)(5)(A).

On October 24, 2018, Lemus-Ayala moved to reopen proceedings and rescind the in absentia removal order on the ground that he did not receive proper notice of his hearing. The Immigration Judge (IJ) denied Lemus-Ayala's motion because it was not accompanied by a fee receipt or an application for relief and, in the alternative, because Lemus-Ayala "did not demonstrate lack of notice." Lemus-Ayala did not appeal the IJ's decision to the BIA. On July 31, 2019, Lemus-Ayala filed another motion to reopen and rescind the in absentia removal order, again arguing that he was not properly notified of his removal hearing. He further argued that the lack of proper notice violated his due process rights and deprived the immigration court of jurisdiction over his removal proceedings. In the alternative, Lemus-Ayala also urged the IJ to reopen his proceedings sua sponte. The IJ denied Lemus-Ayala's second motion, rejecting his jurisdictional, due-process, and notice

arguments. The IJ further held that Lemus-Ayala failed to demonstrate exceptional circumstances warranting sua sponte reopening of his case.

Lemus-Ayala appealed to the BIA, which affirmed the IJ's decision. The Board agreed with the IJ that Lemus-Ayala failed to overcome the presumption that the notices were delivered. The Board also rejected Lemus-Ayala's due-process and jurisdictional arguments. Next, the Board explained that, contrary to Lemus-Ayala's contention, an NTA "that does not specify the time and place of an individual's removal hearing . . . meets the requirements of . . . 8 U.S.C. § 1229(a), so long as a hearing notice specifying this information is later sent to the individual." Finally, the BIA held that Lemus-Ayala had failed to demonstrate exceptional circumstances warranting sua sponte reopening of proceedings. Lemus-Ayala then timely petitioned us for review.

"[W]e review the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "The Board abuses its discretion when it issues a decision that is capricious, irrational, . . . [or] based on legally erroneous interpretations of statutes or regulations . . . . The BIA's conclusions of law are reviewed *de novo*." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

Lemus-Ayala makes four arguments on appeal: (1) the immigration court lacked jurisdiction over his removal proceedings because he was not notified of the date, time, and place of the proceedings in a single document, as 8 U.S.C. § 1229(a) requires; (2) he did not receive proper statutory notice under § 1229(a) due to this defect in his NTA; (3) the BIA abused its discretion in finding that he failed to overcome the presumption that notice was delivered; and (4) the defective notice violated his due process rights. We address only Lemus-Ayala's first two arguments.

First, as to the jurisdictional issue, we agree with the government that Lemus-Ayala's argument is foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Pierre-Paul*, this court held, *inter alia*, that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings. *See* 930 F.3d at 691–93. The Supreme Court subsequently held in *Niz-Chavez* that an NTA, in order to trigger 8 U.S.C. § 1229b(b)(1)'s "stop-time" rule, must consist of a single document specifying the date, time, and place of removal proceedings. *See* 141 S. Ct. 1479–80. This abrogated *Pierre-Paul*'s holding that notice is adequate under 8 U.S.C. § 1229(a) if any required information missing from the initial NTA is provided in other documents subsequently sent to the alien. *See* 930 F.3d at 690. But this court has held in published cases following *Niz-Chavez* that *Pierre-Paul*'s jurisdictional holding remains good law. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021); *see also Ityonzughul v. Garland*, 850 F. App'x 921, 923 (5th Cir. 2021); *United States v. Vazquez-Ovalle*, 851 F. App'x 497, 498 (5th Cir. 2021). We are therefore bound by circuit precedent to hold that any defect in the notice given to Lemus-Ayala did not deprive the immigration court of jurisdiction over his removal proceeding.

We agree with Lemus-Ayala, however, that because he was not notified of the date, time, and place of his removal hearing in a single document, his NTA did not meet 8 U.S.C. § 1229(a)'s requirements. And in order for an alien to be ordered removed in absentia, he or she must have "receive[d] notice in accordance with . . . section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C). We recently confronted precisely this issue in *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), where we held that, because "[b]oth the recission of an in absentia order provision and the stop-time rule . . . reference the § 1229(a) notice requirements," "[t]he [Supreme] Court's . . . interpretation of [those] requirements in *Niz-Chavez* . . . applies" equally to

No. 20-60655

in absentia removal orders. *Id.* at 355. Hence, "in the in absentia context," an NTA must consist of "a single document containing the required information" regarding the alien's hearing. *Id.*

*Rodriguez* controls the outcome of this case. Here, as in *Rodriguez*, "[t]he initial NTA" sent to Lemus-Ayala "did not contain the time and date of [his] hearing." *Id.* And just as in *Rodriguez*, *see id.*, the BIA's holding in this case that Lemus-Ayala was not entitled to recission of the in absentia removal order rested on the Board's legal conclusion that an NTA "that does not specify the time and place of an individual's removal hearing . . . meets the requirements of . . . § 1229(a), so long as a hearing notice specifying this information is later sent to the individual." The BIA's conclusion to that effect was an abuse of discretion, as it was based on an erroneous interpretation of a statute. *See Barrios-Cantarero*, 772 F.3d at 1021.

An in absentia removal "order may be rescinded . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with . . . section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C). Lemus-Ayala was not notified "in accordance with . . . section 1229(a)," and so, as in *Rodriguez*, the proper disposition is to vacate the BIA's decision to deny Lemus-Ayala's motion to reopen and rescind the in absentia removal order, and to remand the case for further proceedings. *See* 15 F.4th at 356.[1]

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

---

[1] Since we vacate and remand on the ground that Lemus-Ayala was not properly notified in conformity with 8 U.S.C. § 1229(a), we do not reach his other arguments as to why the BIA's decision was erroneous. *See Rodriguez*, 15 F.4th at 354; *Fuentes-Pena v. Barr*, 917 F.3d 827, 830 n.1 (5th Cir. 2019); *Siwe v. Holder*, 742 F.3d 603, 614 (5th Cir. 2014).