# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2022

Lyle W. Cayce
Clerk

No. 20-61035
Summary Calendar

Bidpua Fabrisk,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 186 553

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Bidpua Fabrisk, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA). The immigration judge (IJ) denied his applications for asylum, withholding of removal, and protection under the convention against torture (CAT) based on an adverse

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61035

credibility finding. The BIA upheld the credibility finding and found that he had failed to meet the burden of proof for asylum and withholding of removal. The BIA also upheld the IJ's determination that Fabrisk was not eligible for protection under the CAT.

On appeal, Fabrisk argues that the adverse credibility finding was not supported by substantial evidence. We generally review only decisions of the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). However, when the IJ's ruling affects the BIA's decision, as it does here, we review the decisions of both the BIA and the IJ. *Id.* Factual findings are reviewed for substantial evidence, and constitutional claims and questions of law are reviewed de novo. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019); *Orellana–Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Although Fabrisk suggests possible explanations for the inconsistencies identified by the IJ and BIA, the record does not compel the conclusion that he should have been found credible. *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006). The inconsistencies listed by the IJ and BIA are accurate reflections of the record. His explanations for the inconsistencies do not compel a credibility finding different from the IJ's and BIA's conclusions. *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). Additionally, Fabrisk fails to brief, and therefore has abandoned, the denial of protection under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Fabrisk has failed to show that the BIA erred in dismissing his appeal.

The petition for review is DENIED.