# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2022

Lyle W. Cayce
Clerk

No. 20-60963
Summary Calendar

Natnael Geberemeskel,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 604 566

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Natnael Geberemeskel, a native and citizen of Eritrea, petitions for review of a decision by the Board of Immigration Appeals (BIA) upholding the denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on a negative credibility

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determination.  He argues that there are explanations for the inconsistencies noted by the Immigration Judge (IJ) and the BIA.  He also asserts that the BIA erred when relying on the adverse credibility determination to deny CAT relief.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo.  *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019); *Orellana–Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Credibility determinations are factual findings that this court reviews for substantial evidence.  *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).

Geberemeskel has failed to show that the evidence compels a conclusion contrary to that of the IJ and BIA on the issue of whether he was credible.  *See id.*; *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  The IJ and BIA relied on specific inconsistencies among Geberemeskel's testimony and the documentary evidence.  The inconsistencies are accurate reflections of the record, and the BIA's decision indicates that the relevant substantial evidence was meaningfully considered.  *See Singh*, 880 F.3d at 226; *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).  Geberemeskel's interpretation and construction of the evidence is not compelled by the evidence.  The conclusions of the IJ and BIA that the noted discrepancies constituted contradictions that affected Geberemeskel's credibility is entitled to deference.  *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009); *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).  In light of the adverse credibility determination, Geberemeskel has failed to show that the BIA erred in affirming the IJ's determination that Geberemeskel was not eligible for asylum and withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 657-59 (5th Cir. 2012); *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

No. 20-60963

Geberemeskel did not contend to the BIA that the IJ erred by treating the adverse credibility determination as dispositive of his CAT claim. Because Geberemeskel did not exhaust the issue, we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.