# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2025

Lyle W. Cayce
Clerk

—————

No. 24-60325
Summary Calendar

—————

Pedro Antonio Flores Moran,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A089 940 604

———————————————————

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Pedro Antonio Flores Moran, a native of Mexico and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his second motion to reopen. We review the BIA's decision "under a highly deferential abuse-of-discretion standard." *Garcia*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60325

*v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (quoting *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019)).

Flores Moran argues that the immigration court lacked jurisdiction to order him removed and that the notice to appear was defective because it omitted the time and date of his removal hearing. However, these arguments are foreclosed by circuit precedent. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). His due process claim, premised on his jurisdictional argument, is likewise unavailing. We lack jurisdiction to consider his challenge to the BIA's decision not to exercise its discretion to sua sponte reopen his proceedings. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

Finally, the BIA also did not abuse its discretion in determining that Flores Moran's motion to reopen was untimely and that he was not entitled to equitable tolling. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017). Because this determination is a sufficient foundation for the BIA's denial of the motion, we need not address his argument that he is statutorily eligible for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (per curiam).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.