# Matter of C-R-C-, Respondent

*Decided October 31, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In absentia removal proceedings were reopened where the respondent overcame the presumption of delivery of a Notice to Appear that was sent by regular mail by submitting an affidavit stating that he did not receive the notice and that he has continued to reside at the address to which it was sent, as well as other circumstantial evidence indicating that he had an incentive to appear, and by exercising due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings. *Dominguez v. United States Attorney General*, 284 F.3d 1258 (11th Cir. 2002), distinguished.

FOR RESPONDENT: Ian R. Ali, Esquire, West Palm Beach, Florida

BEFORE: Board Panel: OSUNA, Chairman; ADKINS-BLANCH and WENDTLAND, Board Members.

OSUNA, Chairman:

In a decision dated July 5, 2006, an Immigration Judge denied the respondent's motion to reopen removal proceedings. The respondent has timely appealed from that decision.[1] The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent entered the United States without being admitted or paroled on November 20, 1993. On June 1, 1994, he filed a Request for Asylum in the United States (Form I-589) with the former Immigration and Naturalization Service ("INS"), now the Department of Homeland Security ("DHS"). A Record of Deportable/Inadmissible Alien (Form I-213) dated September 29, 2005, sets forth an address for the respondent, and it indicates that the respondent was scheduled for an interview

---

[1] We issued an interim order on December 15, 2006, finding that the record indicated the respondent had filed his appeal timely, so his previously dismissed appeal was reinstated.

on his request for asylum on June 21, 2005. The respondent did not appear for his scheduled interview.

On September 30, 2005, the DHS sent the respondent, by regular mail to that same address, a Notice to Appear (Form I-862) initiating removal proceedings and setting a removal hearing for January 5, 2006. The respondent failed to appear for his hearing on that date and was ordered removed in absentia.

In a motion to reopen filed before an Immigration Judge on February 2, 2006, the respondent claimed that he did not receive the Notice to Appear. In an affidavit accompanying the motion to reopen, the respondent asserted that he has continued to reside at the address to which the Notice to Appear was sent, and that if he had received the notice he would have attended the hearing. The respondent also stated that he received a Fingerprint Notification from the U.S. Citizenship and Immigration Service, dated June 2, 2005, which instructed him to appear at the "INS West Palm Beach" between June 5, 2005, and June 19, 2005, to be fingerprinted and photographed. The date stamp of June 15, 2005, reflects that the respondent complied with the Fingerprint Notification. Furthermore, after receiving the in absentia order of removal, the respondent retained his current counsel in January 2006 for the purpose of reopening his proceedings.

The Immigration Judge found that the respondent was properly served with the Notice to Appear, because it was sent by regular mail to the respondent's correct address of record. The Immigration Judge also determined that the respondent's statement that he did not receive the notice, without more, was insufficient to serve as a basis for reopening.

On appeal, the respondent argues that there is no evidence in the record that the Notice to Appear was sent to him at his last known address. He claims that since the DHS asylum office sends Notices to Appear, it is the only entity that has a record of whether the Notice to Appear was sent or not. The respondent notes that the record does not contain any evidence to indicate whether the Notice to Appear was actually delivered to the respondent, such as a copy of the envelope in which it was sent, or whether the envelope was returned to the DHS indicating that it was not delivered. Therefore he contends that a dated Notice to Appear with an accurate address does not conclusively indicate that the Notice to Appear was sent by the Miami DHS Asylum Unit. The DHS has not submitted a response to the respondent's appeal.

## II. ISSUE

The issue on appeal is whether the respondent has presented sufficient evidence under the applicable standard to overcome the presumption of

delivery when the DHS mailed the Notice to Appear by regular mail to the most recent address he provided.

## III.  ANALYSIS

The Immigration Judge relied on *Dominguez v. United States Attorney General*, 284 F.3d 1258 (11th Cir. 2002), to deny the respondent's motion to reopen.  In *Dominguez*, the United States Court of Appeals for the Eleventh Circuit held that "[d]ue process is satisfied so long as the method of notice is conducted 'in a manner "reasonably calculated" to ensure that notice reaches the alien.'"  *Id.* at 1259 (quoting *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950))).  Therefore, according to the court, if notice is reasonably calculated to reach a respondent, actual receipt is not required.

In that case, the Notice to Appear was sent to the address that the respondent had given to the INS in her formal submission.  The court found that written notice of the hearing was properly sent to the most recent address provided in writing by the respondent pursuant to the statutory requirements. *Id.* at 1260.  A handwritten note that was allegedly contained in the alien's INS file, upon which she relied as purportedly showing that she was staying at a different address, did not satisfy the statutory requirement that the notification of address change be in writing.  *Id.*  Therefore, the court held that the INS complied with the alien's due process rights in sending notice of the removal hearing to an address that the respondent had provided in a formal submission, rather than to an address that appeared on a handwritten note in her INS file.

The facts presented in *Dominguez* are notably different from those in this case.  The respondent has continued to reside at the address to which the Notice to Appear was sent and never submitted a change of address form, either formally or informally.  Consequently, the court never reached the issue that is now before us.  We therefore find that the Eleventh Circuit's decision does not control the outcome of the respondent's case.

In *Matter of M-R-A-*, 24 I&N Dec. 665 (BIA 2008), we held that when a respondent seeks to reopen proceedings based on a claim that notice sent by regular mail was not received, the question to be determined is whether the respondent has presented sufficient evidence to overcome the presumption of delivery attached to notices sent by regular mail, which is weaker than the presumption applied to delivery by certified mail.  We concluded that all relevant evidence must be considered in making the determination, and we set forth the factors that should be considered in deciding whether the presumption of delivery has been rebutted.  *Id.* at 673-74.

In this case the respondent submitted an affidavit alleging that he did not receive the Notice to Appear, which contained the hearing date and time, and

that he would have appeared if he received the notice.  The Immigration Judge gave no indication that he discounted the veracity of the statement but declined to accord it persuasive weight.  The Immigration Judge also did not explicitly consider several other uncontested facts that are relevant in determining whether the respondent rebutted the presumption of delivery of regular mail.  For example, the respondent affirmatively filed an application for asylum with the DHS in June 1994, approximately 6 months after he entered the United States, thereby initiating a proceeding to obtain a benefit, which would give him an incentive to appear.  The respondent also complied with his Fingerprint Notification, which indicates that he had no motive or intent to evade the Government.  Moreover, the respondent immediately sought assistance from his current counsel after receiving the Immigration Judge's in absentia order of removal, and he promptly filed a motion to reopen.

We find that the relevant evidence in this case, including the circumstantial evidence submitted by the respondent in support of his motion to reopen, indicates that he did not receive the Notice to Appear that was sent to him by regular mail.  The respondent submitted an affidavit claiming that he has continued to reside at the address to which the Notice to Appear was sent.  He has shown that he had an incentive to appear at proceedings and has stated that he would have appeared at the hearing if he had received notice.  The respondent's due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings is also significant.  Under the circumstances of this case, we find that the respondent has overcome the weaker presumption of delivery of the Notice to Appear sent by regular mail under the standards set forth in *Matter of M-R-A-*, *supra*.  Accordingly, we conclude that the respondent's motion to reopen should be granted.

## IV.  CONCLUSION

We conclude that the evidence of record is sufficient to overcome the presumption of delivery of the Notice to Appear sent to the respondent by regular mail and that his removal proceedings should be reopened.  Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded for further proceedings consistent with the foregoing decision and for the entry of a new decision.