**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO OCHOA-VARONA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70740<br><br>Agency No. A070-953-762<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Alejandro Ochoa-Varona, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing for abuse of discretion, *Sembiring v. Gonzales,* 499 F.3d 981, 985 (9th Cir. 2007), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in concluding that Ochoa-Varona failed to overcome the presumption of delivery of his hearing notice where he presented a sworn affidavit that he did not receive the hearing notice, the record contains only weak evidence that the notice was actually mailed, and Ochoa-Varona had affirmatively applied for relief and promptly moved to reopen his case after being ordered removed in absentia. *See id.* at 988-89 (the weaker presumption of service for notices sent by regular mail may be rebutted by a sworn affidavit and any relevant circumstantial evidence of non-receipt). The BIA abused its discretion in weighing as an adverse factor that Ochoa-Varona had not attended an earlier hearing, where "no previous [removal] proceedings had taken place." *See id.* at 989.

We therefore grant the petition for review and remand to the BIA with directions to remand to the IJ to grant Ochoa-Varona's motion to reopen and rescind his in absentia removal order. *See id.* at 991.

**PETITION FOR REVIEW GRANTED; REMANDED.**