NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES CANDELARIA ESTEBAN-MANUEL and JUAN ESTEBAN-MANUEL, | No. 15-73252 |
| Petitioners, | Agency Nos. A206-462-884 |
| | A206-462-885 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Dolores Candelaria Esteban-Manuel and Juan Esteban-Manuel, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales,* 499 F.3d 981, 985 (9th Cir. 2007). We grant the petition for review and remand.

The agency abused its discretion in denying petitioners' motion to reopen where it relied on conjecture in petitioner's affidavit regarding the possible discarding of mail, and did not consider all of the evidence that petitioners offered to rebut the presumption of delivery. *See id.* at 986-88 (describing evidence relevant to overcome presumption of effective service by regular mail); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) ("delivery by regular mail does not raise the same 'strong presumption' [of delivery] as certified mail, and less should be required to rebut such a presumption."). On remand, the BIA should consider as part of its notice analysis petitioners' compliance with an Immigration and Customs Enforcement check-in order both before and after the in absentia removal order was entered. *See Sembiring*, 499 F.3d at 989 (lack of motive to avoid immigration proceedings is a factor to be considered).

**PETITION FOR REVIEW GRANTED; REMANDED.**