[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14757

Non-Argument Calendar

_____

LEONSO OQUELI REYES-GAMES,
DENIA MARILU LOPEZ-PONCE,
KEVIN NAHUN REYES-LOPEZ,
JONATHAN OQUELLY REYES-LOPEZ,
DANNA MARILU REYES-LOPEZ,

                                                          Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                          Respondent.

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-627-782

———————————————

Before JILL PRYOR, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Leonso Reyes-Games, his wife, and the couple's three minor children ("Petitioners") -- all natives and citizens of Honduras -- petition for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioners' motion to reopen and to rescind orders of removal issued *in absentia*. No reversible error has been shown; we dismiss the petition in part and deny the petition in part.

Petitioners entered the United States near Del Rio, Texas on 3 June 2019. The following day, the Department of Homeland Security ("DHS") issued Notices to Appear -- notices charging each Petitioner as removable under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled. During processing, Petitioners told DHS officials they intended to

reside at 30 Old Holcomb Bridge Way, Roswell, Georgia 30076. Petitioners' NTAs listed the 30 Old Holcomb Bridge Way address as Petitioners' current address.

The NTAs specified no date or time for Petitioners' hearing before the IJ; the NTAs provided only that Petitioners were required to appear at "a date to be set" and "a time to be set." In a paragraph with the heading "Failure to appear," the NTAs provided this language:

> You are required to provide the DHS, in writing, with your full mailing address and telephone number. *You must notify the Immigration Court immediately by using Form EOIR-33* whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designed on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS. (emphasis added)

Certificates of service at the bottom of the NTAs indicated that the NTAs were served in person and that Petitioners were provided with oral notice in Spanish of the consequences of failing to appear.

The immigration court later sent Petitioners a Notice of Hearing, giving notice that the master hearing before the immigration court was scheduled for 12 December 2019. The Notice of Hearing was sent by regular mail to Petitioners at the 30 Old Holcomb Bridge Way address.

Petitioners failed to appear at the 12 December hearing. The IJ conducted the hearing *in absentia* and ordered Petitioners removed to Honduras.

On 27 January 2020, Petitioners (through their lawyer) moved to reopen the proceedings and to rescind the IJ's *in absentia* order. Petitioners argued that they never received proper notice of the hearing and that their failure to appear was due to "exceptional circumstances" beyond their control. Petitioners said they reported their change of address to the United States Immigration and Customs Enforcement ("ICE") (an agency within DHS) and believed mistakenly that ICE was the same entity as the immigration court. Petitioners said they acted with due diligence in filing their motion to reopen, checked in with ICE as required, and had an incentive to appear at the hearing because they planned to file applications for immigration relief. Petitioners also moved to reopen under the IJ's *sua sponte* authority.

In an affidavit attached to the motion to reopen, Reyes-Games attested that -- although he reported initially that his family would be living at 30 Old Holcomb Bridge Way -- he later found that address unsuitable. Petitioners, instead, moved into an apartment located at 146 Old Holcomb Bridge Way, Roswell, Georgia 30076. Reyes-Games said that -- during his visit to the ICE office on 2 July 2019 -- he "let the deportation officer know" about his new address. Reyes-Games said he believed that ICE and the Immigration Court were the same entity and did not realize he needed to update his address with both organizations.

Petitioners also attached a draft application for asylum, withholding of removal, and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Petitioners sought relief based on a fear of future harm by members of the Mara 18 gang: a gang that Petitioners say had killed several members of their family and had threatened to kill Petitioners.

The IJ denied Petitioners' motion to reopen. The IJ found that -- despite Reyes-Games's having personal notice of his obligation to update the immigration court with his family's current address and the consequences for failing to appear -- Reyes-Games admitted he never filed a Form EOIR-33 or otherwise updated his address with the immigration court. The IJ concluded that Petitioners had failed to overcome the presumption of proper service that attached based on evidence that the Notice of Hearing was sent by regular mail to Petitioners' last known address.

6                    Opinion of the Court                    20-14757

The IJ also concluded that Petitioners failed to establish *prima facie* eligibility for immigration relief because violence and threats by the Mara 18 constituted no persecution on account of a statutorily-protected ground.  The IJ concluded further that Petitioners had demonstrated no "exceptional circumstances" that would justify a *sua sponte* reopening of the proceedings.

The BIA adopted and affirmed the IJ's decision.  This appeal followed.

Because the BIA adopted expressly the IJ's decision, we review both decisions. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  We review for abuse of discretion the denial of a motion to reopen immigration proceedings. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.*

We review administrative fact determinations under the "highly deferential substantial evidence test" under which "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*).  The agency's factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).

A noncitizen who fails to attend his removal proceeding is subject to removal *in absentia* if the government "establishes by clear, unequivocal, and convincing evidence" that the noncitizen is removable and was provided with written notice of the proceeding. *See* 8 U.S.C. § 1229a(b)(5)(A); *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006). An *in absentia* order of removal may, however, be rescinded upon a motion to reopen if the noncitizen demonstrates that he received no notice of the removal proceeding or that he failed to appear due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i)-(ii).

About notice, we have said that "a mailing to the last known address is sufficient to satisfy [the government's] duty to provide an alien with notice of a deportation proceeding." *See United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002); *see also* 8 U.S.C. § 1229a(b)(5)(A) (providing that "written notice by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided under" 8 U.S.C. § 1229(a)(1)(F)). A notice sent to the noncitizen's last known address is also sufficient to satisfy due process. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260-61 (11th Cir. 2002).

When a noncitizen moves to reopen based on a claim that a notice sent by regular mail was never received, he must present evidence sufficient to overcome the presumption of delivery that attaches to notices sent by regular mail. *See Matter of C-R-C-*, 24 I. & N. Dec. 677, 679 (BIA 2008) (noting that the presumption of delivery when notice is sent by regular mail "is weaker than the

presumption applied to delivery by certified mail"); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673-74 (BIA 2008) (same). In determining whether the noncitizen has rebutted sufficiently the presumption of delivery, the IJ considers all pertinent evidence, which may include (1) affidavits from the noncitizen and others with knowledge about whether notice was received; (2) evidence "that the respondent had an incentive to appear," such as an earlier-filed affirmative application for relief; (3) the noncitizen's diligence or lack thereof upon learning of the *in absentia* removal order; and (4) "any other circumstances or evidence indicating possible nonreceipt of notice." *Matter of M-R-A-*, 24 I. & N. Dec. at 674. None of these factors are either necessary or sufficient: "[e]ach case must be evaluated based on its own particular circumstances and evidence." *Id.*

Here, the BIA and the IJ abused none of their discretion in denying Petitioners' motion to reopen. The NTAs advised Petitioners about the consequences of failing to appear for an immigration hearing and explained that Petitioners needed to notify the immigration court of any address changes by filing a Form EOIR-33. The NTAs were served personally on Petitioners, and the consequences for failing to appear were explained orally to Petitioners in Spanish. Nevertheless, Petitioners never filed a Form EOIR-33 or provided other written notice of their new address to the immigration court. When the immigration court sent the Notice of Hearing by regular mail to Petitioners' last known address, a presumption of delivery attached; and the requirements of section 1229a(b)(5)(A) and due process were satisfied. *See Zelaya*, 293 F.3d

at 1298; *Dominguez*, 284 F.3d at 1260; *Matter of C-R-C-*, 24 I. & N. Dec. at 679.

On appeal, Petitioners contend they presented sufficient evidence to overcome the presumption of delivery of the mailed notice: statements in Reyes-Games's affidavit and evidence that Petitioners complied with required ICE check-ins, planned to file an application for immigration relief, and acted with due diligence by notifying ICE of their address change and by retaining a lawyer to file a timely motion to reopen.

Viewing the record in the light most favorable to the agency, we cannot conclude that the BIA and the IJ abused their discretion in determining that Petitioners presented insufficient evidence to overcome the presumption of delivery. The BIA and the IJ explicitly considered Petitioners' arguments and the pertinent evidence. Unlike the movants in *Matter of M-R-A-* and in *Matter of C-R-C-* (in which the movants overcame successfully the presumption of delivery), Petitioners did change their address, did fail to report their new address to the immigration court despite having received instructions to do so, and did have no application for relief already pending when they failed to attend their hearing. *See Matter of C-R-C-*, 24 I. & N. Dec. at 677-78, 680; *Matter of M-R-A-*, 24 I. & N. Dec. at 665-66, 675-76. That Petitioners might have made an honest mistake and acted with due diligence in moving to reopen their proceedings is not enough to compel a finding of improper notice.

On appeal, Petitioners also urge us to follow the Fifth Circuit's decision in *Fuentes-Pena v. Barr*, 917 F.3d 827 (5th Cir. 2019).

There, the Fifth Circuit concluded that a petitioner satisfied her obligation under 8 U.S.C. § 1229(a)(1)(F), to provide notice of her change of address when she notified ICE of her new address *before* ICE filed the NTA with the immigration court. *See* 917 F.3d at 831.

We decline to reach this issue. By statute, Petitioners were obligated to "provide the Attorney General immediately with a *written record* of any change of the alien's address or telephone number." *See* 8 U.S.C. § 1229(a)(1)(F) (emphasis added). Here, nothing evidences that Petitioners provided *written notice* to ICE of their new address: Reyes-Games attested only that he "let the deportation officer know" about the address change during an office visit. Thus -- separate and apart from the timing-of-notification issue presented in *Fuentes-Pena* -- we cannot conclude that Petitioners' manner of notification complied with section 1229(a)(1)(F).

The BIA and the IJ also concluded reasonably that Reyes-Games's mistaken belief that ICE and the immigration court were the same entity constituted no "exceptional circumstances" sufficient to warrant reopening. *See* 8 U.S.C. § 1229a(e)(1) (defining "exceptional circumstances" to mean "exceptional circumstances . . . beyond the control of the alien," including "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances"). To the extent Petitioners seek to challenge the BIA's finding that no "exceptional circumstances" existed to warrant reopening based on its *sua sponte* authority, we lack jurisdiction to consider that

20-14757               Opinion of the Court                    11

discretionary decision.  *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).

Our power in cases like this one is narrowly limited.  Petitioners have not shown that the BIA and the IJ acted arbitrarily or capriciously in denying the motion to reopen.  We dismiss the petition in part and deny the petition in part.

PETITION  DISMISSED  IN  PART  AND  DENIED  IN PART.⋆

---

⋆ In their reply brief, Petitioners argue for the first time that the NTAs were defective -- and thus constituted insufficient notice -- because the NTAs specified no date and time for the initial removal proceedings.  In support of their argument, Petitioners rely on the Supreme Court's recent decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).  Although *Niz-Chavez* was decided while this appeal was pending, the argument Petitioners now seek to raise is an argument already available when Petitioners moved to reopen in January 2020.  By that time, courts had addressed similar challenges to NTAs lacking a date and time for the initial hearing.  *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018) (addressing whether an NTA containing no time-and-place information triggers the stop-time rule); *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1157 (11th Cir. 2019) (addressing whether a deficient NTA deprives the agency of jurisdiction).  Because Petitioners' current challenge to the validity of the NTAs was an argument Petitioners could have but failed to raise before the BIA, that argument is deemed unexhausted.  *Cf. McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990) (*en banc*) (concluding that an argument was "available" to the plaintiff at the time of trial and appeal (and thus subject to waiver) because -- even though the Supreme Court had yet to decide the issue -- another circuit court had addressed the argument and the Supreme Court had granted *certiorari* on the issue).  We lack jurisdiction to consider unexhausted arguments on appeal.  *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (concluding that administrative

exhaustion requires the petitioner to "have previously argued the 'core issue now on appeal' before the BIA."); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."). In any event, it is unclear that *Niz-Chavez* -- which addressed a defective NTA in the context of triggering the stop-time rule -- would change the outcome of this appeal.