Lopez-Abrego v. Garland

BIA
Cheng, IJ
A078 679 873

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

PRESENT:
>JON O. NEWMAN,
>DENNY CHIN,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

**MATEO LOPEZ-ABREGO,**
>*Petitioner,*

>v.                                          **19-2456**
>                                             **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
>*Respondent.*

_____

**FOR PETITIONER:**          Pankaj Malik, Esq., New York, NY.

**FOR RESPONDENT:**          Joseph H. Hunt, Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Lori B. Warlick, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mateo Lopez-Abrego, a native and citizen of El Salvador, seeks review of a July 11, 2019, decision of the BIA affirming a January 29, 2019, decision of an Immigration Judge ("IJ") denying his motion to rescind a 2002 removal order and reopen his removal proceedings. *In re Mateo Lopez-Abrego,* No. A 078 679 873 (B.I.A. July 11, 2019), *aff'g* No. A 078 679 873 (Immig. Ct. N.Y.C. Jan 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to rescind and reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) ("[A] motion to rescind is a type of motion to reopen."); *Kaur v. Bd. of Immigr. Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (reviewing denial of motion

to reopen for abuse of discretion). "An abuse of discretion may be found . . . where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

A noncitizen who, having received written notice, does not attend a removal proceeding "shall be ordered removed in absentia" if the Government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Lopez-Abrego conceded removability, and a hearing notice was mailed to his address of record. To obtain rescission of the resulting removal order, Lopez-Abrego had to show either that he did not receive notice of the hearing or that his failure to appear was due to "exceptional circumstances" that were "beyond [his] control." *Id.* § 1229a(b)(5)(C)(i), (e)(1). A motion to rescind based on lack of notice may be filed at any time. *Id.*

3

§ 1229a(b)(5)(C)(ii). A motion to rescind based on exceptional circumstances must be made within 180 days after the date of the order of removal, although this deadline may be equitably tolled if, for example, the alien demonstrates ineffective assistance of counsel. *Id*. § 1229a(b)(5)(C)(i); *see Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). The agency did not abuse its discretion in finding that he failed to satisfy either exception.

A presumption of notice applied because the hearing notice was mailed to Lopez-Abrego's address of record. *Alrefae*, 471 F.3d at 358–59. Lopez-Abrego did not rebut that presumption because he did not present any evidence to show that he was living at a different address, he took no steps to investigate the status of his proceedings between the in absentia order issued in 2002 and his detention in 2019, he had no pending applications for relief from removal at the time the in absentia order was entered, and he appeared at prior hearings, which indicated his awareness of the proceedings. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008) (listing factors to be considered); *Matter of C-R-C-*, 24 I. & N. Dec. 677, 680 (B.I.A. 2008) (considering

diligence as a factor in evaluating a motion to rescind).

Moreover, the agency did not err in rejecting Lopez-Abrego's allegation of ineffective assistance as a basis for rebutting the presumption of receipt or for excusing the 180-day deadline for moving to rescind based on exceptional circumstances. Lopez-Abrego did not comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1998). He argues that *Matter of Lozada* should not apply because it concerns claims of ineffective assistance of *counsel*, whereas he relied on a notario, who was not an attorney. But the BIA may still require some compliance with *Lozada*'s procedural requirements for a petitioner requesting equitable tolling based on the ineffective assistance of a non-attorney. *See Omar v. Mukasey*, 517 F.3d 647, 651 (2d Cir. 2008) (holding that the BIA's denial of an ineffective assistance claim regarding a non-attorney immigration consultant based on non-compliance with *Lozada* was "neither arbitrary nor capricious"). Lopez-Abrego argues that he could not report a non-attorney to a state disciplinary committee, one of the factors under *Lozada*, but he does not explain why he did not make an effort

to comply with *Lozada*'s other requirements.  This is not a case where ineffective assistance is clear on the record because there is no evidence, other than Lopez-Abrego's uncorroborated allegations, that he did not live at the address of record and that he was not informed of the hearing.  *Cf. Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007) (holding that ineffective assistance was clear on the face of the record where the attorney was subsequently disbarred).

Lopez-Abrego's argument that the BIA should have followed a non-precedential decision, *In re Musa Imeri*, 2011 WL 4446871 (B.I.A. Sept. 8, 2011), fails because the BIA is not bound by unreported decisions, *see Matter of Echeverria*, 25 I. & N. Dec. 512, 519 (B.I.A. 2011); *see also Gousse v. Ashcroft*, 339 F.3d 91, 101 (2d Cir. 2003), and because that case involved a hearing notice that was returned as undeliverable.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6