**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IDANIA YAMILETH PEREZ-
PORTILLO; STEFANI
ABIGAIL AREVALO-PEREZ,

*Petitioners*,

v.

MERRICK B. GARLAND,
Attorney General,

*Respondent*.

No. 20-73486

Agency Nos.
A201-413-254

A201-413-253

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2022
San Francisco, California

Filed December 30, 2022

Before: Jay S. Bybee, Consuelo M. Callahan, and Daniel P.
Collins, Circuit Judges.

Opinion by Judge Callahan

# SUMMARY[*]

## Immigration

Granting the petition for review that Idania Yamileth Perez-Portillo and her minor daughter filed from the Board of Immigration Appeals' dismissal of Perez-Portillo's appeal from an Immigration Judge's denial of her motion to reopen immigration proceedings in which she and her daughter were removed *in absentia*, and remanding, the panel held that the IJ should have determined the credibility of Perez-Portillo's claims of non-receipt of her hearing notice in light of all the circumstantial and corroborating evidence in the record.

When Perez-Portillo failed to appear at her removal hearing, an IJ ordered her and her daughter removed in absentia. Under 8 U.S.C. § 1229a(b)(5)(C)(ii), an *in absentia* order may be rescinded upon a motion to reopen if the alien demonstrates non-receipt of the notice statutorily required for removal hearings. Perez-Portillo filed a pro se motion to reopen, claiming that she did not receive the hearing notice that rescheduled her hearing to a date two months earlier than its original date. The IJ denied the motion by applying a presumption of delivery and the doctrine of constructive notice (under which an alien may be charged with receiving notice when the hearing notice was sent to the last address provided to the immigration court). The BIA dismissed Perez-Portillo's appeal.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel explained that the presumption of delivery attached to service of a hearing notice by regular mail is rebuttable, and that both this court and the BIA have outlined factors (including consideration of circumstantial and corroborating evidence) that should be applied to analyze whether an alien has rebutted the presumption. Here, the panel observed that there was circumstantial evidence that corroborated Perez-Portillo's claim.

The panel further explained that neither the IJ nor the BIA directly addressed the credibility of Perez-Portillo's statements of non-receipt. The panel observed that, in general, facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable. Although Perez-Portillo's statements were not in the form of an affidavit, the panel observed that this court has not required such from pro se petitioners. Here, the panel concluded that there was nothing inherently unbelievable in Perez-Portillo's claim of non-receipt.

Thus, the panel concluded, unless the IJ found Perez-Portillo not credible based on additional filings or after a hearing (neither of which occurred here), her statements of non-receipt should have persuasive weight. If determined to be credible, Perez-Portillo's statements and the corroborating circumstantial evidence might be sufficient to overcome the presumption of delivery. However, the panel concluded that the IJ invoked the doctrine of constructive notice based solely on the government's alleged compliance with the statutory mailing requirement and the success of other mailings to Perez-Portillo and failed to undertake the practical evaluation of all the evidence required by the BIA.

The panel noted that it did not address the application of the doctrine of constructive notice once the credibility of the

assertion of non-receipt has been considered; rather, it held only that if a showing of non-receipt were overruled by the doctrine based solely on the government's compliance with statutory mailing procedures without consideration of other relevant evidence, the language of 8 U.S.C. § 1229a(b)(5)(C)(ii) permitting an alien to demonstrate lack of actual notice would be without meaning.

Because the agency invoked the doctrine of constructive notice without considering the credibility of Perez-Portillo's claim in light of all the circumstantial and corroborating evidence, the panel granted the petition and remanded.

---

## COUNSEL

Frank P. Sprouls (argued), Ricci Sprouls PC, San Francisco, California, for Petitioner.

Alanna T. Duong (argued) and Kathryn M. McKinney, Trial Attorneys; Julie M. Iversen, Senior Litigation Counsel; Brian Boynton, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondent.

**OPINION**

CALLAHAN, Circuit Judge:

Petitioners Idania Yamileth Perez-Portillo and her minor daughter, Stefani Abigail Arevalo-Perez,[1] seek review of the Board of Immigration Appeals' (BIA) dismissal of Perez-Portillo's appeal from an Immigration Judge's (IJ) denial of her motion to reopen her immigration proceedings. Perez-Portillo failed to appear at her hearing, which had been moved up two months from its original date, and the IJ ordered her and her daughter removed *in absentia*. Upon receiving notice of her removal order, Perez-Portillo immediately went to the immigration court to contest the removal, claiming she never received the notice changing the date and time of her hearing. The IJ denied her motion to reopen the proceedings for lack of notice, applying a presumption of delivery and the doctrine of constructive notice. We hold that the IJ should have determined the credibility of Perez-Portillo's claims of non-receipt in light of all of the circumstantial and corroborating evidence in the record. Accordingly, we vacate the denial of Perez-Portillo's motion to reopen and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Perez-Portillo and her daughter are natives of El Salvador and entered the United States on October 7, 2018, without being admitted or paroled. Perez-Portillo was eight months pregnant at the time she entered and gave birth to a

---

[1] Stefani, who is a co-petitioner, is a rider on Perez-Portillo's application for asylum and has not presented any independent application for relief.

U.S. citizen child thereafter.

Three days after her arrival, on October 10, 2018, the Department of Homeland Security (DHS) charged Perez-Portillo with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and issued Perez-Portillo a notice to appear (NTA) before an IJ. The notice stated that a hearing was scheduled for February 27, 2020, at 9:00 a.m. DHS served the NTA via regular mail on October 12, 2019, to a Virginia Avenue address in Richmond, California that Perez-Portillo had provided to authorities when she was apprehended by DHS. On October 22, 2019, the immigration court issued Perez-Portillo a notice of hearing (NOH) moving the hearing date up from February 27, 2020, to December 3, 2019. DHS asserts that the notice was again sent by regular mail to the same Virginia Avenue address.

Perez-Portillo claims that she did not receive the October 22, 2019, NOH and accordingly she did not appear at the rescheduled December 3, 2019, hearing. When Perez-Portillo did not appear at the hearing, the IJ entered an order noting Perez-Portillo's failure to appear despite having been provided written notification of the time and place of the hearing, finding that DHS had submitted documentation establishing Perez-Portillo's inadmissibility, and ordering Perez-Portillo removed *in absentia*. A copy of the removal order was mailed to the Virginia Avenue address, and Perez-Portillo received the removal order on Saturday, December 7, 2019.

On Monday, December 9, 2019, Perez-Portillo went to the immigration court to let them know she had not received notice of the advanced hearing date and to ascertain "if there was anything [she] could do." Two days later, on December 11, 2019, Perez-Portillo filed a one-page pro se motion to

reopen, claiming that she had not received the October 22, 2019, notice advancing her hearing date. The motion stated that Perez-Portillo feared returning to her country, and that she had a U.S. citizen child "who is sick and depends" on her.

On December 20, 2019, the IJ denied the motion to reopen, noting that "[a] properly addressed and mailed hearing notice is entitled to a rebuttable presumption of delivery," and that, even in the absence of actual notice, an alien "may be charged with receiving constructive notice when the hearing notice was sent to the address she last provided to the Court," citing to *In Re G-Y-R-*, 23 I. & N. Dec. 181, 186–87 (BIA 2001). Applying these standards, the IJ found that Perez-Portillo had received constructive notice of the hearing when the immigration court mailed the notice of the December 3, 2019, hearing to the Virginia Avenue address. Further, the IJ cited the fact that Perez-Portillo received both her initial NTA and her *in absentia* removal order at the Virginia Avenue address as undermining her "current contention of non-receipt." However, the IJ did not explicitly address Perez-Portillo's credibility as to her claims of non-receipt. The IJ also determined that Perez-Portillo had not demonstrated exceptional circumstances justifying her failure to appear that would warrant reopening her case.

Perez-Portillo appealed the IJ's decision to the BIA. The BIA agreed with the IJ's conclusion that the immigration court properly served the notice of the December 3, 2019, hearing by mailing it to Perez-Portillo at her "address of record on October 23, 2019." The BIA rejected Perez-Portillo's argument that notices sent by regular mail (as opposed to certified mail) are not entitled to a presumption of delivery. While that presumption could be rebutted, the

BIA found that "[t]he evidence and arguments [Perez-Portillo] [has] submitted are not sufficient to overcome the presumption of delivery attached to the notices sent by regular mail to the most recent address provided." The BIA further held that Perez-Portillo received constructive notice of the change in hearing date. Finally, the BIA noted Perez-Portillo had not challenged the IJ's finding that no exceptional circumstances justified the failure to appear and declined to exercise its power to reopen the proceedings *sua sponte*.

The BIA dismissed the appeal and this timely petition followed.

## II. STANDARD OF REVIEW

We review the agency's denial of a motion to reopen for an abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)). "Our review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law, 'except to the extent that the IJ's opinion is expressly adopted.'" *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review purely legal questions de novo, and the agency's factual findings for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

## III. DISCUSSION

At issue is whether the BIA abused its discretion by upholding the IJ's denial of Perez-Portillo's motion to reopen, which was based on her claim of non-receipt of the

October 22, 2019, NOH rescheduling her originally-noticed hearing date.

## A. Notice Requirements Under the Immigration and Nationality Act

Under the Immigration and Nationality Act (INA), a written notice to appear must be given to an alien for the initiation of removal proceedings. 8 U.S.C. § 1229(a). The notice must advise the alien of "the nature of the proceedings" and the "acts or conduct alleged to be in violation of law" and specify "[t]he time and place at which the proceedings will be held." *Id.* § 1229(a)(1)(A), (C), (G)(i). A written notice to appear must be "given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." *Id.* § 1229(a)(1). If there is "any change or postponement in the time and place of such proceedings" then the alien must be provided with an updated notice, which must be served by the same process. *Id.* § 1229(a)(2)(A).

Prior to 1996, the statute required the government to use certified mail, but the provision was amended by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) to allow notices to be sent using regular mail. *See id.* § 1229(a)(1), (2), *amended by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, div. C, tit. III, § 308(b)(6), 110 Stat. 3009–546, 3009–615, *repealing* § 1252b(a)(1) (1995). The INA presently provides that service by mail "shall be sufficient if there is proof of attempted delivery to the last address provided by the alien." *Id.* § 1229(c).

If an alien does not appear at the proceeding, she "shall be ordered removed *in absentia* if the Service establishes by

clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." *Id.* § 1229a(b)(5)(A).    "[W]ritten notice by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided [by the alien]." *Id.* An *in absentia* order for removal may be rescinded upon a motion to reopen "if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. § 1229(a)(1) or (2)]." *Id.* § 1229a(b)(5)(C)(ii).

## B.  Presumption of Delivery of Notice for Non-Certified Mailings

Both this Court and the BIA have addressed the sufficiency of notice by regular mailing as it relates to *in absentia* orders for removal.  In *Salta v. INS*, we looked at the level of evidence necessary to rebut the presumption of notice after the IIRIRA relaxed the service-by-mail requirements.  314 F.3d 1076, 1078-79 (9th Cir. 2002).  In *Salta*, the petitioner (Salta) received an initial NTA and appeared at her first hearing, which was continued.  *Id.* at 1077.  She then received a notice that her hearing would be rescheduled, but it did not include the new date.  *Id.*  Later, the INS mailed the notice of the continued hearing, including the date, by regular mail to petitioner's address of record.  *Id.* When Salta did not appear at her second hearing, the IJ proceeded *in absentia* and Salta was ordered removed.  *Id.* Upon receipt of her notice of order of removal, Salta filed a timely motion to reopen, stating that she had not received notice of the second hearing date.  *Id.*    Following the standard set by cases dealing with certified mailings, the IJ denied the motion, finding that Salta had not met her burden with respect to the affirmative defense of non-delivery, and the BIA dismissed.  *Id*. at 1077-78.

Salta filed a petition for review, and we granted it. Acknowledging the changed statutory notice requirements, we found that the strong presumption of delivery that attached to use of certified mail was not appropriate when notice is sent by regular mail. *Id.* at 1079. We remanded the case to the BIA with instructions to allow Salta to supplement the record and conduct an evidentiary hearing to determine if she could demonstrate lack of notice, noting that

> [w]here a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from Salta that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery and entitle Salta to an evidentiary hearing to consider the veracity of her allegations.

*Id.*

We have since confirmed the "general rule, that the presumption of effective service of notices to appear by regular mail is weaker than the presumption when applied to delivery by certified mail." *Sembiring v. Gonzales*, 499 F.3d 981, 987 (9th Cir. 2007). Furthermore, we have noted that the test for whether an individual produced sufficient evidence to overcome the presumption of service by regular mail is "practical and commonsensical rather than rigidly formulaic," and that in many cases the only proof may be the individual's statement as well as circumstantial evidence. *Id*. at 988. In *Sembiring*, we found that the BIA erred in finding the petitioner did not overcome the presumption when she had affirmatively sought asylum, there had been

no prior proceedings, she appeared in immigration court on the originally scheduled hearing date, she promptly wrote and filed a letter requesting the IJ reopen her proceedings, she plausibly explained her presence at the court on the incorrect day, and the evidence supporting the government's claim of actual mailing was weak. *Id*. at 988–99.

The BIA has similarly rejected "[a]n inflexible and rigid application of the presumption of delivery" as "not appropriate when regular mail is the method of service." *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008). In *Matter of M-R-A-*, the BIA set forth a non-exhaustive list of factors that an IJ may consider when determining if a respondent has provided sufficient evidence to overcome the presumption of adequate notice with the use of regular mail:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other

circumstances or evidence indicating possible nonreceipt of notice.

*Id.* The BIA pointed out that each case must be evaluated in consideration of all evidence presented, "both circumstantial and corroborating," in determining whether the notice was actually received. *Id*. There, the BIA found the respondent had rebutted the presumption of service because he had initially affirmatively filed an asylum application, appeared in his first scheduled hearing, provided affidavits stating he had not received notice of the rescheduled hearing, immediately sought assistance of counsel upon learning of the *in absentia* order, and filed a motion to reopen. *Id.* at 676. The BIA emphasized that the IJ must consider all relevant evidence submitted, and that a significant factor in its decision was the "respondent's due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings." *Id.* at 676.

## C. Application of Constructive Notice to Perez-Portillo's Claims of Non-Receipt

Our prior cases make clear that the presumption of delivery attached to service by regular mail is rebuttable, and both this court and the BIA have outlined the factors that should be applied to analyze whether an alien has rebutted that presumption. Here, despite Perez-Portillo's facially reasonable claim of non-receipt, the IJ—without a hearing and without evaluating Perez-Portillo's credibility in conjunction with the circumstantial and corroborating evidence—denied her motion to reopen by relying on the doctrine of constructive notice.

Although the Government argues that Perez-Portillo presented only "bare allegations" of non-receipt, the record

indicates that is not the case. There was circumstantial evidence that corroborated Perez-Portillo's claim. First, Perez-Portillo acted with "due diligence in promptly seeking to redress the situation" by presenting herself to court on the first business day after receipt of the IJ's *in absentia* decision and filing a pro se motion to reopen just two days later. *See Matter of M-R-A-*, 24 I. & N. Dec. at 676 ("[W]e consider a significant factor to be the respondent's due diligence in promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings."); *see also Matter of C-R-C-*, 24 I. & N. Dec. 677, 680 (B.I.A. 2008) (finding the alien's due diligence in promptly seeking redress significant). In addition, this was to be Perez-Portillo's first hearing, so she could not have attended a previous hearing in immigration court. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674; *see also Ochoa-Varona v. Holder*, 488 F. App'x 200, 201 (9th Cir. 2012) (finding the BIA abused its discretion in weighing as an adverse factor the petitioner's non-attendance at an earlier hearing where no previous proceedings had taken place). Moreover, Perez-Portillo asserted a lack of motive to avoid her hearing and, contrary to any intent to avoid the immigration court, presented herself to the court immediately after receipt of the IJ's order. Furthermore, rather than a postponement of a hearing date, in which an alien faces a more forgiving scenario with a second opportunity to appear at the correct time and place, here the agency advanced her initial hearing date.

Neither the IJ nor the BIA directly addressed the credibility of Perez-Portillo's statements. Although Perez-Portillo's statements were not in the form of an affidavit, we have not required such from pro se petitioners. *See Sembiring*, 499 F.3d at 990 ("It is unreasonable to construe

Sembiring's letter liberally as a motion to reopen because she is pro se . . . only to deny that same pro se motion because the letter was not in the form of a sworn affidavit."). In general, in assessing whether an alien has made the requisite prima facie showing in support of reopening, "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005). There is nothing inherently unbelievable in Perez-Portillo's statements. Accordingly, unless the IJ found Perez-Portillo not credible based on additional filings or after a hearing, her statements of non-receipt should have persuasive weight. *See Matter of C-R-C-*, 24 I. & N. Dec. at 680 (noting the IJ declined to give persuasive weight despite no indication he discounted the veracity of petitioner's statements). If determined to be credible, Perez-Portillo's statements of non-receipt and the corroborating circumstantial evidence might be sufficient to overcome the rebuttable presumption of delivery that attaches to notices sent by regular mail. *Sembiring*, 499 F.3d at 987.

However, the IJ tasked with making that determination invoked the doctrine of constructive notice based solely on the government's alleged compliance with the statutory mailing requirement and the success of other mailings and failed to undertake the "practical evaluation of all the evidence" required by the BIA. *Matter of M-R-A-*, 24 I. & N. Dec. at 674; *see also Sembiring*, 499 F.3d at 989 ("[T]he inquiry contemplated by *Salta* is a practical one under which many forms of evidence are relevant."); *Matter of C-R-C-*, 24 I. & N. Dec. at 680 (noting the IJ in that case did not explicitly consider uncontested relevant facts); *Esteban-Manuel v. Sessions*, 700 F. App'x 750 (9th Cir. 2017) ("The agency abused its discretion in denying petitioners' motion

to reopen where it relied on conjecture in petitioner's affidavit regarding the possible discarding of mail, and did not consider all of the evidence that petitioners offered to rebut the presumption of delivery.").

This is not to say that the doctrine of constructive notice may never come into play when there is evidence that notice was not actually received. *See, e.g.*, *Matter of G-Y-R-*, 23 I. & N. Dec. 181, 186-87 (B.I.A. 2001) (discussing the possible application of constructive notice where the alien fails to comply with her obligation under the INA to keep her address current). But we need not, and we do not, address the application of the doctrine of constructive notice once the credibility of the assertion of non-receipt has been considered. We hold only that if a showing of non-receipt were overruled by the doctrine of constructive notice based solely on the government's compliance with statutory mailing procedures without consideration of other relevant evidence, the language of 8 U.S.C. §1229a(b)(5)(C)(ii) permitting an alien to demonstrate that they did not receive actual notice would be without meaning.

## IV. CONCLUSION

Because the agency invoked the doctrine of constructive notice without considering the credibility of Perez-Portillo's claim of non-receipt in light of all the circumstantial and corroborating evidence, we grant the petition and remand to the BIA with instructions to remand to the IJ for further proceedings consistent with this opinion.

**PETITION GRANTED AND REMANDED.**